**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ramon Adrian Espinoza-Cuamea,  )<br>   )<br>   Defendant/Movant, )<br>   )<br>   v. )<br>   )<br>United States of America, )<br>   )<br>   Plaintiff/Respondent. )<br>   )<br>_____ ) | CR  11-01185 PHX GMS<br>CIV 11-02398 PHX GMS (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE G. MURRAY SNOW:**

On or about December 6, 2011, Mr. Ramon Adrian Espinoza-Cuamea ("Movant") filed a pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Movant filed an amended motion on July 31, 2012. Respondent filed a response (Doc. 11) to Movant's motion to vacate or set aside his sentence on September 28, 2012. As of November 7, 2012, Movant had not filed a reply to the response to his motion, which was due October 28, 2012.

**I  Procedural History**

A grand jury indictment returned June 21, 2011, charged Movant with one count of reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(1). See Criminal Doc. 10. On August 26, 2011, pursuant to a written plea agreement, Movant pled guilty to the charge stated in the indictment. See Criminal Doc. 21, 22, 23.

The plea agreement provided that, if Movant's crime was classified as an offense level 20, Movant would receive a three-level reduction in his base offense level for acceptance of responsibility and a two-level reduction for the early disposition of the charge, resulting in a sentencing guideline range offense level of 15 and a potential sentencing range of 18-51 months imprisonment, depending on the determined criminal history. See Criminal Doc. 26. In the written plea agreement Movant expressly waived his rights to appeal or collaterally attack, via a section 2255 motion, the conviction or any sentence imposed provided his sentence was consistent with the plea agreement. Id.

During Movant's change of plea colloquy he acknowledged the sentencing range being discussed and provided for in the plea agreement was only an estimate. See Criminal Doc. 33. Movant acknowledge at the entry of his guilty plea that the sentencing judge would calculate the applicable sentencing guideline range and consider a number of factors after the probation department produced a presentence investigation report. Id. Movant was also advised that neither his lawyer nor the judge could guarantee that he would receive a sentencing benefit from entering into the plea agreement. Id. Additionally, during the plea colloquy Movant acknowledged he was waiving his rights to appeal or collaterally attack his sentence.

On November 17, 2011, the District Court determined Movant's guideline offense level as 15 and his criminal history category as five, resulting in a sentencing guidelines range of

-2-

37-46 months imprisonment.  <u>See</u> Criminal Doc. 34.  Movant was sentenced to a term of 42 months in prison.  <u>See</u> Criminal Doc. 27 & 34.

In his section 2255 action Movant contends his sentence should be reduced because he was denied his right to the effective assistance of counsel, i.e., counsel did not explain the plea agreement properly because Movant understood that his sentence would be a stipulated maximum sentence of 30 months. Movant also asserts he is entitled to relief because he was sentenced outside of the range stipulated to by the parties in the plea agreement.

**II Analysis**

**Waiver of the right to a collateral attack**

Respondent asserts that this section 2255 action must be dismissed because Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement.  The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement.  The sentence imposed on Movant was consistent with the terms of the plea agreement.  Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action, his section 2255 motion may be summarily denied. <u>See</u> <u>Mabry v. Johnson</u>, 467 U.S. 504, 508-09, 104 S. Ct. 2543,

2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the Movant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

A defendant's waiver of his right to a direct appeal and a section 2255 action is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and the waiver is knowingly and voluntarily made. See United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005). However, a plea agreement which waives the Movant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in a plea agreement if the agreement was involuntary or unknowing or where the agreement was otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001)("[A] waiver of appeal may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary."); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

-4-

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a Movant to [the] consequences [of a plea agreement]."). Additionally, because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

**Movant's ineffective assistance of counsel claim**

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable

> probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996). See also United States v. Thomas, 417 F. 3d 1053, 1056 (9th Cir. 2005).

The Sixth Amendment entitles a criminal defendant to "a reasonably competent attorney, whose advice is within the range of competence demanded of attorneys in criminal cases." United States v. Cronic, 466 U.S. 648, 655, 104 S. Ct. 2039, 2044-45 (1984) (internal quotations omitted). In order to find that Movant was deprived of the effective assistance of counsel and grant him relief on this claim pursuant to section 2255 the Court must conclude counsel's performance was deficient and that the deficient performance prejudiced Movant. See United States v. Withers, 638 F.3d 1055, 1066-67 (9th Cir. 2011). Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel's representation was unconstitutionally ineffective. Id. In the context of a defendant who pleads guilty, to be entitled to relief, the movant must establish that, but for his counsel's allegedly deficient performance, the movant would have chosen not to plead guilty but to proceed to trial. See, e.g., Bethel v. United States, 458 F.3d 711, 718 (9th Cir. 2006).

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of

-6-

attorneys in criminal cases." Strickland, 466 U.S. at 687, 104 S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." Id., 466 U.S. at 689, 104 S. Ct. at 2065. See also Carter v. Lee, 283 F.3d 240, 248-49 (4th Cir. 2002). Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991).

     Movant has not established that his counsel's advice with regard to the potential sentence he faced if he accepted the plea was unconstitutionally deficient or prejudicial. Movant asserts that he believed the plea agreement required his sentence be capped at 30 months imprisonment, however, this assertions is belied by Movant's statements at his change of plea hearing. "To establish a claim of ineffective assistance of counsel based on alleged erroneous advice regarding a guilty plea, a petitioner must demonstrate more than a 'mere inaccurate prediction.'" Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004), quoting Iaea v. Sunn, 800 F.2d 861, 864-65 (9th Cir. 1986). Defense counsel's alleged erroneous predictions as to the likely sentence following a guilty plea, "are deficient only if they constitute 'gross mischaracterization of the likely outcome' of a plea bargain 'combined with ... erroneous advice on the probable effects of going to trial.'" Id., quoting United States v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990). Furthermore, if the defendant was informed prior to entering his guilty plea of the potential sentence he could receive, he

-7-

cannot establish prejudice from counsel's incorrect prediction as to his sentence. See Womack v. Del Papa, 497 F.3d 998, 1003-4 (9th Cir. 2007). See also United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990) (explaining that an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea"); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (finding that an inaccurate sentence prediction was not prejudicial).

The Ninth Circuit Court of Appeals has held that, in the context of a defendant who pleads guilty, an attorney's performance may only deemed unconstitutionally deficient when counsel "grossly" mischaracterizes the likely sentence to be received when counseling the defendant to plead guilty. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). In cases where the Ninth Circuit has found gross mischaracterization the sentence received by the defendant was of a different order of magnitude than what Movant asserts in this matter as constituting counsel's deficient performance. Compare Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir. 1994), superseded by statute on other grounds as stated in Morris v. Woodford, 229 F.3d 775, 779 (9th Cir. 2000) (three months predicted; ten years imposed); Iaea, 800 F.2d at 865.

Accordingly, even if Movant's counsel incorrectly predicted his sentence, Movant was not prejudiced by any error because he was informed of the consequences of entering the plea agreement at the change of plea hearing and, at that time, indicated he wished to enter into the plea agreement.

-8-

**III Conclusion**

Movant waived his right to collaterally attack his convictions and sentences in his plea agreement.  Movant has not established that his waiver of these rights was not knowing and voluntary.  Additionally, Movant has not established that he was denied his right to the effective assistance of counsel because his counsel allegedly misrepresented the length of the sentence which was imposed.

**IT IS THEREFORE RECOMMENDED** that Mr. Espinoza-Cuamea motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file

-9-

objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. Should Movant seek a certificate of appealability, the Magistrate Judge recommends that the request be denied.

DATED this 8th day of November, 2012.

_____
Mark E. Aspey
United States Magistrate Judge